IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES L. CUNNINGHAM | : | |
| | : | |
| v. | : | Civil Action No. CCB-09-1482 |
| | : | |
| TWIN CITY FIRE INSURANCE | : | |
| COMPANY, et al. | : | |

…o0o…

## MEMORANDUM

Now pending before the court is a motion to remand and a motion for leave to file an amended complaint, filed by plaintiff James L. Cunningham. The defendants, Twin City Fire Insurance Company (hereinafter "Twin City") and Hartford Financial Services Group, Inc. (hereinafter "Hartford Financial"), oppose Mr. Cunningham's motion to remand on the grounds that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The defendants have not opposed Mr. Cunningham's motion for leave to file an amended complaint. The issues in this case have been fully briefed, and no oral argument is necessary. For the reasons stated below, the plaintiff's motion to remand will be denied and the plaintiff's motion for leave to file an amended complaint will be granted.

## BACKGROUND

Mr. Cunningham, who is proceeding *pro se*, filed suit against the defendants in the Circuit Court for Baltimore City alleging intentional misrepresentation and tortious interference with contractual relations. Mr. Cunningham is a resident of Baltimore, Maryland. Defendant Twin City is a subsidiary of defendant Hartford Financial. (Pl.'s Mot. to Remand at 1.) Twin City is an Indiana corporation with its principal place of business in Indiana. (Defs.' Notice of Removal at ¶ 4.) Defendant Hartford Financial is a Delaware corporation with its principal place of business in Connecticut. (*Id*. at ¶ 5.)

1

From February 1993 until June 1997, Mr. Cunningham was an employee of the Space Telescope Science Institute ("STSCI"), a division of the Association of Universities for Research in Astronomy, Inc. ("AURA"). His employment at STSCI was terminated, however, because Mr. Cunningham experienced a work related illness that made it impossible for him to perform his job as a software engineer. The defendants issued a workers compensation and employer's liability insurance policy to AURA. (Answer at ¶ 2). Mr. Cunningham's former employer, STSCI, was insured under that policy. (*Id.*; *see also* Compl. at ¶ 15.)

In Count I of the complaint, Mr. Cunningham alleges that the defendants knowingly provided false information to the Workers Compensation Commission, thereby preventing him from receiving disability and medical benefits that he was due after his illness. In Count II, Mr. Cunningham further alleges that the defendants interfered with his ability to obtain long-term benefits because they instructed STSCI to withhold the submission of his insurance claim to a nonparty insurer, thereby delaying processing for nearly twenty months. The defendants filed a notice of removal in this court on June 8, 2009. In response, Mr. Cunningham filed the present motion to remand, alleging that the court lacks subject matter jurisdiction. He subsequently filed a motion for leave to amend his complaint in order to add a claim for "Professional Malpractice, Negligence and Fraud."

## ANALYSIS

*A.     Motion to Remand*

Federal Courts are courts of limited jurisdiction, and a district court must remand any case in which it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *see In Re Blackwater Sec. Consulting, LCC*, 460 F.3d 576, 584 (4th Cir. 2006). Therefore, a party seeking adjudication in federal court must "demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT &*

*T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (internal citation omitted).  Where a defendant seeks to remove a case to federal court, the defendant must simply allege subject matter jurisdiction in his notice of removal.  *Id*.  But if the plaintiff challenges removal in a motion to remand, then the burden is on the defendant to "*demonstrat[e]* that removal jurisdiction is proper."  *Id*. at 297 (emphasis in original).

Here, the defendants have met their burden of demonstrating that removal was proper because, for the reasons described below, the court has diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332(a)(1) (hereinafter "§ 1332(a)(1)").  District courts have jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states.  § 1332(a)(1).  For diversity jurisdiction to exist there must be "complete diversity," meaning that "no party shares common citizenship with any party on the other side."  *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (internal citation omitted).  Pursuant to 28 U.S.C. § 1332(c)(1) (hereinafter § 1332(c)(1)"), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business".  The only exception to this rule is:

> in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

*Id*.  This exception – which provides that the insured's citizenship controls in a direct action against the insurer – was the result of a 1964 Congressional amendment intended "specifically to eliminate from diversity jurisdiction tort claims in which both the injured party and the tortfeasor are local residents, but which, under state 'direct action' statutes, are brought against the tortfeasor's foreign insurance carrier without joining the tortfeasor as a defendant."  *Beckham v.*

3

*Safeco Ins. Co. of America*, 691 F.2d 898, 901 (9th Cir. 1982). Congress found that such cases "did not come within the spirit or the intent . . . of the diversity jurisdiction of the federal system." *Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 672-73 (2d Cir. 1992) (citing S. Rep. No. 1308, 88th Cong., 2d Sess. 7 (1964)) (internal quotation marks and alterations omitted).[1]

Not every claim in which an insurance company is a party is a direct action for purposes of § 1332(c)(1). *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1188 (5th Cir. 1988). Rather, a direct action is one in which a "person with a claim against the insured sues the insurer directly." *Corn v. Precision Contracting, Inc.* 226 F. Supp. 2d 780, 782 (W.D.N.C. 2002) (citing *Indiana Gas Co., Inc. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir. 1998) (internal quotation marks omitted). More specifically, direct actions are "those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." *Id.*; *Sherman v. Pennsylvania Lumbermen's Mut. Ins. Co.*, 21 F. Supp. 2d 543, 544-45 (D. Md. 1998). In other words, "unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." *Corn*, 226 F. Supp. at 782 (internal quotation marks and citation omitted). Thus, an action by an injured third party against the insurer for "breaching the terms of its insurance policy or for its independent tortious acts" does not constitute a direct action under § 1332(c)(1). *Id.* at 783 (citing *Rosa*, 981 F.2d at 677) (internal quotation marks omitted).

---

[1] *See also Krier-Hawthorne v. Beam*, 728 F.2d 658, 668 (4th Cir. 1984) (Murnaghan, J., dissenting) ("The 1964 amendment recognizes that, where the insurer is the only party on the defendant's side with a financial interest, the issue of whether there is diversity jurisdiction should depend on the citizenship of the participants in the incident that gave rise to the case, not the citizenship of a party irrelevant to diversity yet selected with federal jurisdiction on a diversity basis in mind.")

Diversity jurisdiction exists in this case because the requirements of § 1332(a)(1) have been met. First, it is undisputed that the amount in controversy exceeds $75,000, as Mr. Cunningham's complaint demands relief in the amount of $3,000,000 in compensatory damages and $10,000,000 in punitive damages. (Compl. at 6.) Second, Mr. Cunningham is admittedly a citizen of Maryland, and he has disputed neither that defendant Twin City is incorporated in Indiana and has its principal place of business in Indiana, nor that defendant Hartford Financial is incorporated in Delaware and has its principal of place of business in Connecticut. Thus, pursuant to § 1332(c)(1), Twin City is a citizen of Indiana, and Hartford Financial is a citizen of Delaware and Connecticut.[2] Accordingly, because the amount in controversy exceeds $75,000 and the parties are completely diverse for purposes of § 1332(a)(1), the defendants have met their burden of demonstrating that the court has diversity jurisdiction over the matter and that removal was proper.

Mr. Cunningham argues, however, that the case at hand qualifies as a direct action under § 1332(c)(1) and, therefore, that the defendants' citizenship for purposes of diversity jurisdiction should be determined by that of their insured, STSCI, which Mr. Cunningham alleges is Maryland. Under this theory, the case would lack complete diversity and removal would be improper. But contrary to what Mr. Cunningham argues, the present lawsuit is not a direct action for purposes of § 1332(c)(1) because Mr. Cunningham has sued the defendants for their independent tortious acts and not for any liability that could have been imposed on their insured, STSCI. He alleges that the defendants fraudulently made false representations to the Workers

---

[2] Mr. Cunningham argues, and the defendants do not dispute, that the defendants conduct business in the State of Maryland. (*See* Pl.'s Mot. to Remand at 2.) But whether the defendants conduct business or have offices in Maryland is not dispositive for the purposes of determining a corporation's citizenship under § 1332(c)(1). Rather, as previously discussed, the state(s) in which the corporation is incorporated and has its principal place of business control. *See* § 1332(c)(1).

Compensation Committee and tortiously interfered with contracts between STSCI and third-party insurers, and he has not alleged that STSCI is legally responsible in any way. Thus, Mr. Cunningham does not allege that the defendants' liability results solely from the torts of their insured, but rather contends that he was harmed by the independent tortious actions of the defendants when they allegedly interfered with his disability and medical benefits. *See Beckham*, 691 F.2d at 902 (holding that the lawsuit was "clearly not a direct action since [the plaintiff was] not seeking to impose liability on [the defendant] for the negligence of [the defendant's] insured".) Because such liability could not be imposed against STSCI, this lawsuit is not a direct action under § 1332(c)(1).

Accordingly, diversity jurisdiction exists in this case and the plaintiff's motion to remand will be denied.

B.   *Motion to Amend Complaint*

Mr. Cunningham also moved for leave to file an amended complaint. For the reasons stated below, leave to amend will be granted.

Pursuant to Federal Rule of Civil Procedure 15(a), a plaintiff may amend his complaint once as a matter of course before a responsive pleading has been filed. Once a responsive pleading has been filed, however, a plaintiff may amend his complaint only by leave of the court or by written consent of the defendant. Fed. R. Civ. P. 15(a). Leave to amend should be freely given. *Id.*; *Steinburg v. Chesterfield County Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Mr. Cunningham seeks leave of the court to amend his complaint to add a claim for "Professional Malpractice, Negligence and Fraud". He states that he became aware of these additional causes of action "recently while preparing answers to interrogatories propounded by

the Defendant". (Mem. in Support of Pl.'s Mot. for Leave to File an Am. Compl. at 1.) Mr. Cunningham's proposed amendment merely adds theories of recovery and supporting facts at an early stage in the case when only limited discovery has taken place, and the defendants have not opposed this request. Accordingly, the court will grant Mr. Cunningham leave to amend his complaint.

## **CONCLUSION**

For the foregoing reasons, the plaintiff's motion to remand will be denied and his motion for leave to file an amended complaint will be granted. A separate Order follows.


| November 12, 2009 | /s/ |
|---|---|
| Date | Catherine C. Blake |
|  | United States District Judge |